| | |
|---|---|
| District Court, Larimer County, Colorado<br>201 La Porte Ave, Suite 100<br>Fort Collins, CO  80521-2761<br>Phone:  970-494-3500 | DATE FILED: January 29, 2019 10:13 AM<br>FILING ID: B5356657D5C22<br>CASE NUMBER: 2019CV30077 |
| **Plaintiff(s):**<br>RICKY WAYNE KASTEN<br><br>v.<br><br>**Defendant(s):**<br>KING SOOPERS, INC. | ▲COURT USE ONLY▲ |
| Attorney for Plaintiff<br>J. J. Vick, Esq.     A.R. #11076<br>3555 Stanford Rd, #206<br>Fort Collins, CO  80525<br>Phone Number: (970)  498-9828<br>FAX Number:    (970) 498-9733<br>E-Mail: jimvicklaw@hotmail.com | Case No:  2019 CV _____<br><br>Div.:          Ctrm: |
| **COMPLAINT FOR PERSONAL INJURIES AND JURY DEMAND** ||

**COMES NOW** Plaintiff, Ricky Wayne Kasten, by and through his attorney, J. J. Vick, Esq. and for his Complaint against the Defendant, Plaintiff alleges and avers the following matters:

## GENERAL ALLEGATIONS

1. At all times pertinent to this Complaint, Plaintiff was a resident of Loveland, Colorado, County of Larimer, State of Colorado.

2. Plaintiff, at the time of the incident described herein and thereafter, was a single, divorced man.

3. Upon information and belief, King Soopers, Inc. ("Defendant" herein) is believed to be a tradename and a member of "The Kroger Co. Family" doing business for profit and which is authorized to conduct business in the State of Colorado.

4. The Defendant, at all times hereinafter mentioned, was marketing, preparing and selling food, groceries, and food products, which were being sold at a public supermarket/grocery store establishment located at 1275 Eagle Drive, Loveland, CO  80537, and being located

       in the County of Larimer, State of Colorado. Said store was known as "King Soopers" to the general public.

5. The conduct, acts and/or omissions of the Defendant being the basis for the claims described herein, did occur in the County of Larimer, State of Colorado.

6. Plaintiff Ricky Wayne Kasten claims damages, interest and costs in excess of the jurisdictional limits of the County Court of the State of Colorado.

7. Due to the facts as stated herein, jurisdiction and venue properly lie in the District Court, in and for the County of Larimer, State of Colorado.

## CLAIM FOR RELIEF
### (Actions against landowners)
### §13-21-115, C.R.S.

8. Plaintiff Ricky Wayne Kasten incorporates the allegations of Paragraph 1 through 7 above, and are restated as if fully set forth herein.

9. On or about February 2, 2017, Plaintiff Ricky Wayne Kasten was lawfully on the property owned by the Defendant for the purpose of purchasing food and groceries, and was therefore an "invitee" (as that term is defined in §13-21-115, C.R.S.) of the Defendant. Plaintiff Kasten was present at Defendant's grocery store during regular business hours as a lawful customer and patron of Defendant.

10. Upon information and belief, it was raining and/or lightly "misting" on February 2, 2017, at or about the time of the incident that gives rise to the claims made herein by Plaintiff Ricky Wayne Kasten. Also, the temperature was believed to be below freezing and very cold. Said property was owned, leased and/or controlled by Defendant on February 2, 2017.

11. On February 2, 2017, Plaintiff Ricky Wayne Kasten was lawfully, carefully and prudently on Defendant's property as he walked into the Defendant's property through a public entrance and doorway.

12. When making his way into the Defendant's establishment, Plaintiff Ricky Wayne Kasten slipped and fell on the hard tile floor, believed to be wet and/or slippery. Plaintiff Kasten fell down due to the rain or moisture that was on the tile floor of the store at the entrance that Plaintiff entered and Plaintiff fell hard and injured himself. Defendant had no mats or rugs placed on the floor at the entrance where Plaintiff entered the store.

13. As a result of Plaintiff Ricky Wayne Kasten's fall he did suffer serious bodily injuries, including but not limited to, rupture of his left triceps tendon, trauma to his right knee and fracture of his right knee cap/patella, right shoulder injury with pain and rotator cuff tear, and left elbow trauma and pain.

14. Plaintiff Ricky Wayne Kasten's injuries, as a result of the fall described above, was caused by the actions and/or inactions of Defendant's representatives and/or employees in failing to exercise reasonable care to protect against the dangers due to the conditions on Defendant's property and specifically, its entryway and pathways into their store and building. Plaintiff Ricky Wayne Kasten, as an invitee, alleges that he is entitled to recover for damages caused by the Defendant/landowner's unreasonable failure to exercise reasonable care to protect against dangers of which it actually knew or should have known. The Defendant's representatives and/or employees either had actual knowledge or should have known of the dangerous condition(s), which existed on Defendant's property on or before February 2, 2017.

15. Defendant was under a lawful duty as an owner or exclusive tenant of said building and property to exercise reasonable care and caution in the operation, maintenance, and management of its property and, specifically, to avoid the creation of or to allow the existence of a dangerous condition(s) which existed on or before February 2, 2017. Defendant had exclusive control and management of said property, described above in paragraph #4, prior to and on February 2, 2017.

16. Defendant's representatives and/or employees failed to properly maintain its entryway into the store in a reasonable and safe manner for its customers and invitees. Defendant's representatives, agents, employees, and management failed to place any warning precaution placard, and failed to display a sign warning the public and its customers of the presence of water on its entryway into the store. Further, Defendant and/or its representatives, agents and

management failed to properly remove the water; failed to place a rug, mat or other product to increase traction for the public and its customers at the entrance used by Plaintiff; all of which constituted an unreasonable failure to exercise reasonable care to protect against dangers existing on Defendant's premises, which it knew or should have known.  The Defendant/landowner's unreasonable failure to exercise reasonable care to protect against dangers of which it actually knew or should have known, caused Plaintiff Ricky Wayne Kasten to fall and suffer bodily injuries as described herein.

17. As a direct and proximate result of the actions and inactions of the Defendant as alleged above, Plaintiff Ricky Wayne Kasten has sustained permanent injuries and damages.  Plaintiff has had to undergo surgery, physical therapy and rehabilitation for his various bodily injuries.  As a consequence, Plaintiff has sustained great physical pain and suffering, medical charges, out-of-pocket expenses and will need additional surgery for his right rotator cuff tear.

18. As a direct and proximate result of Defendant's actions and inactions as described above, Plaintiff Ricky Wayne Kasten has sustained serious bodily injuries, damages and economic losses.  Said Plaintiff's injuries have caused and continue to cause the following:

   a) Past and future pain and suffering;
   b) Permanent disfigurement;
   c) Permanent disability;
   d) Permanent injury and scarring;
   e) Past and future mental anguish and emotional distress;
   f) Past and future loss of enjoyment of life;
   g) Past and future necessary surgical, hospitalization and physician's expenses;
   h) Rehabilitation and physical therapy expenses;
   i) Drugs and medicine expenses; and
   j) Inconvenience.

**WHEREFORE**, Plaintiff Ricky Wayne Kasten prays this Court to enter judgment in his favor and against Defendant King Soopers, Inc. in such sum as is determined by the trier of fact to compensate Ricky Wayne Kasten for his injuries and damages, together with expert witness fees and costs of this action, pre-judgment interest as provided for by §13-21-101, C.R.S. from the date of the incident on February 2, 2017, and for such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial to a jury of six (6) persons as to all issues that may be allowed by law and submit the statutory jury fee herewith.

**DATED** this 28th day of January, 2019.

                                                     Respectfully Submitted,

                                                   *s/Original signature of J. J. Vick on file*
                                                   *at the law office of J. J. Vick, Esq.*
                                                                /s/ J. J. Vick
                                                   J. J. Vick                    #11076
                                                   Attorney for Plaintiff

Plaintiff's address:

1305 Finch Street
Loveland, CO  80537

5